DEPARTMENT OF LAW

CITY OF CHICAGO

*Via U.S. Mail*

October 1, 2020

Shaquille Crews
9616 South Loomis Street
Chicago, IL 60643

Re: *Jacari Franklin v. City of Chicago, et al.*, 2019 CV 3035

Mr. Crews:

Your mother, Ms. Brashinda Crews, accepted service on your behalf on August 28, 2020 for your remote deposition on October 9, 2020 at 10 A.M. in the matter of *Jacari Franklin v. City of Chicago, et al.*, 2019 CV 3035 (see enclosed subpoena for deposition and affidavit of service). The deposition will be conducted via Zoom video. The log in for the zoom video deposition on Friday, October 9, 2020 is:

**Join Zoom Meeting https://us02web.zoom.us/j/82231985591**
**Meeting ID: 822 3198 5591**
**Passcode: 132271**

Please contact me at the number below to confirm you have the ability to participate in the deposition via Zoom. If not, I am happy to set you up at a court reporter's office with a computer to participate in the deposition.

Sincerely,

*/s/ Maria E. Magginas*
Maria E. Magginas
Assistant Corporation Counsel
P: (312) 744-8335
*Counsel for Defendant Officers*

*Enclosures*

**CC:**

Jeanette Samuels
Shiller Preyar Jarard & Samuels

DEPARTMENT OF LAW

CITY OF CHICAGO

601 South California Avenue
Chicago, IL 60612
312-226-4590
Email: sam@spjslaw.com
*Attorney for Plaintiff Jacari Franklin*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

**Northern** District of **Illinois**

| | | |
|---|---|---|
| **Jacari Franklin** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. **19 C 3035** |
| | ) | **Judge Kendall** |
| **City of Chicago, a Municipal Corporation, et. al.** | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | _________ District of _________ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **Shaquille Crews**
**9616 South Loomis Street St., Chicago, IL 60643**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| **City of Chicago - Law Department**<br>**30 North LaSalle Street, Suite 900, Chicago, IL 60602** | **October 9, 2020 at 10:00am - Remote Zoom** |

The deposition will be recorded by this method: **Official Court Reporter**

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **24 August 2020**

*CLERK OF COURT*

OR

Maria Magginas

Digitally signed by Maria Magginas
DN: cn=Maria Magginas, o=City of Chicago Dept. of Law, ou=FCRL, email=maria.magginas2@cityofchicago.org, c=US
Date: 2020.08.24 11:52:01 -05'00'

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Defendants**
, who issues or requests this subpoena, are:

**MARIA MAGGINAS, ASSISTANT CORPORATION COUNSEL, 30 NORTH LASALLE STREET, SUITE 900, CHICAGO, ILLINOIS 60602, (312) 744-8335**

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)*
was received by me on *(date)* .

❒ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SERVED

2020-08-143

RETURN TO: Darwin Olortegui / Maria Magginas Room/Location: 30 N. LaSalle St., Suite 900

## AFFIDAVIT OF SERVICE

Case Name: Jacari Franklin v. City of Chicago, et al. Case Number: 19 C 3035

Filed Date: August 24, 2020 ; Die Date: Sept 11th 2020 ; Inv # 202008205

Name of deponent: Shaquille Crews

Address: 9616 S. Loomis St., Chgo, IL 60643

DOB: / SSN:

Additional info:

***************************************************************************************

I, the undersigned, being over eighteen years of age, not a party to the action and duly sworn on oath, certify that I served this subpoena on the deponent as follows:

☐ **PERSONAL SERVICE:** By leaving a copy of the subpoena with the named deponent personally.

☒ **SUBSTITUTE SERVICE:** By leaving a copy of the subpoena at the deponent's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof and in addition to this service, a copy of such subpoena has been mailed to the usual place of abode in a sealed envelope postage prepaid to the deponent.

☐ **SERVICE ON:** Corporation ☐; Company ☐; Business ☐; or Partnership ☐ by leaving a copy of the subpoena with the registered agent, authorized person or partner of deponent.

☐ **CERTIFIED MAIL #**

The party served is described as follows:

Name: BRASHINDA CREWS (MOTHER)

Sex: F Race: B Age: 40's

Date: 28 AUG 2020 Time: 7:15 AM

Location: 9616 S. LOOMIS

Remarks:

I am a duly authorized to serve process in this cause and complete this return of service pursuant to 735 ILCS 5/2-202 and state that the information contained above is the truth.

By: [signature]
(Signature of Server)

Server's Name: MICHAEL COX ; Contact Number: 312-744-4830

**I HAVE ALSO TENDERED TO THE WITNESS FEES FOR ONE DAY'S ATTENDANCE, AND THE MILEAGE ALLOWED BY LAW, IN THE AMOUNT OF $ 45.00.**

**THE NAMED DEPONENT WAS NOT SERVED:**

TYPE OF BUILDING:

NEIGHBORS NAME:

ADDRESS:

REASON NOT SERVED:

☐ MOVED ☐ WRONG ADDRESS

☐ DECEASED ☐ BUILDING VACANT

☐ NO SUCH ADDRESS

☐ VACANT LOT ☐ NO CONTACT

☐ UNABLE TO GAIN ENTRY

**ATTEMPED SERVICES**

| # | DATE | TIME |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

ADDITIONAL REMARKS: TENDERED CHECK TO DEPONENT'S MOTHER, BRASHINDA CREWS IN THE AMOUNT OF $ 45.00